**Hansel v. DeArmitt**

C.P. of Dauphin County, no. 2912 S 1998.

*John R. Zonarich* and *John B. Zonarich,* for plaintiffs.
*Andrew Briggs,* for defendants DeArmitt and Family Medicine Center of Forest Hills.
*Francis E. Marshall Jr.* and *Thomas M. Chairs,* for defendants Smeltzer, and Cowley Medical Associates P.C.

BRATTON, *J.,* November 12, 2004—Now before this court is the motion of defendant Don A. DeArmitt M.D. for a protective order to preclude the plaintiff from videotaping the discovery deposition of defendant Dr. DeArmitt or, in the alternative, a motion to compel the videographer to film both the counsel taking the deposition and Dr. DeArmitt concomitantly. A discovery conference was held on October 4, 2004, at which defendant DeArmitt's motion was discussed with counsel for all parties. Because we find that defendant DeArmitt has failed to provide sufficient grounds for granting the protective order, we will deny both of the alternatively proposed motions.

Pennsylvania Rule of Civil Procedure 4017.1 states that "[a]ny deposition taken upon oral examination may be recorded by videotape. Except as provided by this rule, the rules of this chapter governing the practice and procedure in depositions and discovery shall apply." Pa.R.C.P. 4017.1(a). No exceptions exist—either within Rule 4017.1 itself or in any other discovery rule—to the

blanket language of that rule. Nevertheless, defendant DeArmitt has argued that the plaintiffs must show a special need to record his deposition on videotape. Defendant DeArmitt relies on two Allegheny County decisions to support his argument. First, defendant DeArmitt cites *Osborne v. Sears, Roebuck and Co.,* 133 P.L.J. 471 (Allegheny Cty. 1985). In *Osborne,* the honorable Stanton Wettick prohibited a videotaped reenactment of an accident. Because the *Osborne* case involved a videotaped reenactment and not a videotaped deposition, we find this case inapposite and unpersuasive. In the second case relied on by defendant DeArmitt, Judge Wettick is cited as having held that, in the absence of the showing of special need to record a deposition by videotape, a party may not use such a procedure solely for the purpose of discovery. *Tillett v. Shento,* 131 P.L.J. 297 (Allegheny Cty. 1985). But Judge Wettick expressly stated in *Tillett* that his opinion does not apply to a videotape deposition of a medical witness or any witness called as an expert because these depositions may be used at trial. See Pa.R.C.P. 4017.1(g). Because Dr. DeArmitt is a medical witness, as well as a party in the case, we find that the defendant's reliance on *Tillett* is misplaced.

Furthermore, to the extent that the defendants' interpretation of the *Tillett* decision is that videotaping of any deposition requires a showing of special need, we must respectfully disagree with that proposition. We note that Rule 4017.1 is written in the broadest of language, and we must presume that our Supreme Court intended just what the rule says, *i.e.,* that *any* deposition may be videotaped. We also presume that the drafters of the rule

considered the possibility that videotaping a deposition may involve additional expense and may require some additional preparation on the part of the deponent or the parties. If the drafters' intent had been to require a party to make a showing of special need before it could video-tape a deposition, the drafters would have, we assume, included that qualification in the rule. The plain language of Pa.R.C.P. 4017.1, however, permits the videotaping of *any* deposition, without any exception or pre-condition and regardless of whether the deposition is to be used for discovery or for trial purposes.

Rule 4012 provides that "for good cause shown, the court may make any order which justice requires to protect a party or person from unreasonable annoyance, embarrassment, oppression, burden or expense . . . ." Pa.R.C.P. 4012(a). Dr. DeArmitt has stated in his affidavit that giving his deposition in front of a video camera will subject him to stress and emotional discomfort. We do not find that these averments constitute sufficiently compelling grounds upon which to grant a protective order pursuant to Rule 4012.

We sympathize with Dr. DeArmitt's anticipated angst at the thought of testifying under oath and in front of a video camera. We may even, on some level, accept the doctor's implication or allegation that the plaintiffs' goal in seeking to videotape his testimony is to make the deposition taxing and stressful for him.[1] We anticipate that

---

1. As was argued to Judge Wettick in the *Tillett* case, plaintiff's counsel in the instant case has pointed out that videotaping the deposition may provide him with a better tool with which to demonstrate for his client's insurer the defendant's demeanor in discussions of the

Dr. DeArmitt's deposition may be replete with lengthy pauses for review of documents and the like. We also anticipate that the need will arise for off-the-record discussions between counsel or between the deponent and his lawyer. Such breaks in the proceedings will undoubtedly make the deposition more time-consuming and, in the end, substantially less useful as a discovery tool and also somewhat less useful at trial in these proceedings. Often in medical malpractice cases where the issues are complex and highly technical, questions that may appear to laypersons to be quite simple often require careful and lengthy answers by medical professionals. We suspect that frequent pauses, shuffling of papers or off-the-record conversations between counsel or between deponent and his attorney will produce less than riveting videotape testimony for presentation to the jurors. Although extensive editing will likely be required before Dr. DeArmitt's videotape can be played for the jurors, that risk is one borne by the party videotaping the deposition and those editing decisions, like objection decisions, will be left to the discretion of the trial judge at the time of the trial.

We believe that if the drafters of Rule 4017.1 had intended to limit the videotaping of depositions in these or

---

strength of the defendant's position and, therefore, may prove of assistance in evaluating settlement possibilities. Judge Wettick found such a benefit to be "marginal," a finding with which we also respectfully disagree. The creditability of a witness, particularly of a party, is often subject to evaluation solely as a result of a deposition, and the videotaping of a deposition provides far better evidence than either the cold words on the page of a transcript or a description of the witness' demeanor by an attorney who was present for the deposition.

any other circumstances, they surely could have provided such a limitation in the Rules of Civil Procedure, but they chose not to do so. Unlike Judge Wettick's findings in *Tillett,* we find nothing in the rule to support the conclusion that it was not our Supreme Court's intention to permit videotape depositions as a matter of course. Had that been the Supreme Court's intention, we must assume that the court would have explicitly said so, rather than stating that "[a]ny deposition . . . may be recorded by videotape" as Rule 4017.1(a) currently provides. We will therefore deny defendant DeArmitt's motion for protective order to preclude the plaintiffs from videotaping his deposition.

Defendant DeArmitt also submitted an alternate request should his motion for protective order be denied, *i.e.,* that the videographer be required to simultaneously videotape both deposing counsel and defendant DeArmitt during the deposition, and show both individuals via a split screen. Because defendant's motion provided no substantive basis or explanation why such a procedure would relieve his additional anxiety or stress, we will also deny defendant DeArmitt's motion to compel the videographer to film both the counsel taking the deposition and Dr. DeArmitt concomitantly.

For the foregoing reasons, we enter the following:

## ORDER

And now, November 12, 2004, upon consideration of the motion of Don A. DeArmitt M.D. for a protective order to preclude the plaintiff from videotaping the discovery deposition of defendant Dr. DeArmitt or, in the

alternative, the motion to compel the videographer to film both the counsel taking the deposition and Dr. DeArmitt concomitantly, both motions are hereby denied.